IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | | |
|---|---|---|---|
| TIMOTHY RAY NEIL,<br>　　Petitioner, | ) ) ) | Case No. 7:14-cv-00436 | |
| v. | ) ) | By: | Michael F. Urbanski |
| D.W. ZOOK,<br>　　Respondent. | ) ) ) | | United States District Judge |

## MEMORANDUM OPINION

Petitioner Timothy Ray Neil, a Virginia inmate proceeding pro se, filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. (Doc. No. 1.) Respondent filed a motion to dismiss (Doc. No. 5), and Petitioner answered (Doc. No. 12), making the matter ripe for disposition. After reviewing the record, the court grants the motion to dismiss.

### I.

After a bench trial, the Circuit Court for Roanoke County sentenced Petitioner to an eight-year sentence, with five years suspended, for two grand larceny (car theft) convictions. Petitioner's appeal to the Court of Appeals of Virginia was unsuccessful, and he did not appeal to the Supreme Court of Virginia.

Petitioner filed a petition for a writ of habeas corpus in the Circuit Court for Roanoke County that presented claims of ineffective assistance of counsel, "fraudulent legal documents," court error, a deprivation of right to counsel, and that his conviction forced a probation revocation in Bedford County. The Circuit Court dismissed the petition, ruling that it had no jurisdiction to consider the revocation of probation in another county, the trial errors were procedurally barred pursuant to Slayton v. Parrigan, 215 Va. 27, 30, 205 S.E.2d 680, 682 (Va.

1974), and that Petitioner's ineffective assistance of counsel claim did not satisfy the two-part test laid out in Strickland v. Washington, 466 U.S. 668 (1984). The Supreme Court of Virginia denied a petition for appeal.

In the instant, timely-filed petition, Petitioner argues that he was denied effective assistance of counsel because his attorney abandoned him during the bench trial and that the trial court committed fraud by certifying that his attorney had been present at all moments during the bench trial. Respondent concedes that the claims are exhausted but argues that they do not entitle Petitioner to relief. The court agrees and dismisses the petition.

## II.

A federal court may grant habeas relief from a state court judgment "only on the ground that [the petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). After a state court addresses the merits of a claim also raised in a federal habeas petition, a federal court may not grant the petition unless the state court's adjudication of a claim is contrary to, or an unreasonable application of, clearly established federal law or based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d). "[R]eview under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." Cullen v. Pinholster, 563 U.S. ___, 131 S. Ct. 1388, 1398 (2011).

The evaluation of whether a state court decision is "contrary to" or "an unreasonable application of" federal law is based on an independent review of each standard. Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court determination is "contrary to" federal law if it "arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a

question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." Id. at 413.

A federal court may also issue the writ under the "unreasonable application" clause if the federal court finds that the state court "identifies the correct governing legal principle from the [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. This reasonableness standard is an objective one. Id. at 410. "[W]e will not discern an unreasonable application of federal law unless 'the state court's decision lies well outside the boundaries of permissible differences of opinion.'" Tice v. Johnson, 647 F.3d 87, 108 (4th Cir. 2011) (quoting Goodman v. Bertrand, 467 F.3d 1022, 1028 (7th Cir. 2006)). A Virginia court's findings cannot be deemed unreasonable merely because it does not cite established United States Supreme Court precedent on an issue if the result reached is not contrary to that established precedent. Mitchell v. Esparza, 540 U.S. 12, 16 (2003).

A federal court reviewing a habeas petition "presume[s] the [state] court's factual findings to be sound unless [petitioner] rebuts 'the presumption of correctness by clear and convincing evidence.'" Miller-El v. Dretke, 545 U.S. 231, 240 (2005) (quoting 28 U.S.C. § 2254(e)(1)); see, e.g., Lenz v. Washington, 444 F.3d 295, 300-01 (4th Cir. 2006). Finally, "[a] state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." Wood v. Allen, 558 U.S. 290, 301 (2010).

**A.**

Petitioner argues that his trial counsel was constitutionally ineffective because he abruptly left the bench trial for a few minutes during cross-examination by co-defendant's

counsel of one of the prosecution's witnesses. Petitioner claims that this incident deprived him of the assistance of counsel and prevented him from establishing his innocence.

A petitioner claiming ineffective assistance of counsel must satisfy the two-pronged test set forth in Strickland. The first prong of Strickland requires a petitioner to show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," meaning that counsel's representation fell below an objective standard of reasonableness.[1] Strickland, 466 U.S. at 687-88. The second prong of Strickland requires petitioner to show that counsel's deficient performance prejudiced him by demonstrating a "reasonable probability that, but for counsel's errors, the result of the proceeding would have been different." Id. at 694. "A reasonable probability is a probability sufficient to undermine the confidence of the outcome." Id.

According to the state habeas court's findings of fact, based on an affidavit from trial counsel and a review of the trial transcript and records, Janet Harrison was called as a witness by both the Commonwealth and Petitioner during Petitioner's bench trial for two counts of grand larceny of two vehicles. On December 28, 2012, the first day of the bench trial, the Commonwealth called Harrison, the girlfriend of Petitioner's brother and co-defendant, Leonard Robert Neil, to testify. At that time, Petitioner's counsel cross-examined her, but her testimony implicated Petitioner in the theft of both of the vehicles at issue. On January 10, 2013, the second day of the bench trial, Petitioner's counsel called Harrison back to the stand to examine her. During cross-examination by counsel for Petitioner's co-defendant, Petitioner's counsel felt very light-headed and sick. Fearing that he "might faint at any moment," counsel left the

---

[1] Strickland establishes a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." 466 U.S. at 689. "Judicial scrutiny of counsel's performance must be highly deferential," and "every effort [must] be made to eliminate the distorting effects of hindsight . . . and to evaluate the [challenged] conduct from counsel's perspective at the time." Id.

courtroom without asking for a recess. He retrieved some food and a drink from a vending machine and returned to the courtroom, where a recess had been called. According to the trial records, Petitioner's counsel missed slightly more than two minutes of Harrison's testimony.

Harrison's testimony during the two minutes counsel was absent was largely repetitive of her testimony during the first day of trial when she was called as a Commonwealth witness. (Tr., Dec. 28, 2012, 3:10:06 – 3:11:30, 3:13:17 – 3:14:50.) In particular, Harrison reiterated that she often drove Leonard Neil to and from the house of Tim and Leonard's mother located several blocks away and that there was not a black Dodge Durango in Harrison's driveway before she drove Leonard to his mother's house. (Tr., Jan. 10, 2013, 2:10:41 – 2:12:55.) She further explained that, after staying at the mother's house for thirty to sixty minutes, she drove herself, Leonard, and Tim past the 7-11 convenience store where police had surrounded a blue Chevrolet car. Petitioner claims that his counsel abandoned him during trial and thus provided constitutionally ineffective assistance.

The Circuit Court considered this claim and ruled that it did not meet the two-pronged test required by Strickland of deficient performance and prejudice resulting therefrom. The court acknowledged that an attorney's absence during critical stages of a trial is per se deficient and raised a presumption of prejudice, United States v. Cronic, 466 U.S. 648, 654 (1984), but it concluded that Petitioner's attorney's absence was not "for a substantial and crucial period of time." The court found that Petitioner's bench trial lasted three hours, forty-eight minutes, and thirty-seven seconds (excluding recesses) and that trial counsel was absent for two minutes and thirty seconds of that time. The court also found that, during counsel's absence, counsel for Petitioner's co-defendant was examining the witness and covering an area of inquiry similar to that pursued by the Commonwealth's attorney during Harrison's first round of testimony. The

court consequently concluded that counsel did not miss any testimony that could have aided Petitioner's case and was thus not absent for such a substantial and crucial period of the bench trial to be considered deficient. The court further concluded that counsel's brief absence did not prejudice the Petitioner and dismissed the claim.

The Circuit Court's finding is not based on an unreasonable determination of the facts, nor is it contrary to or an unreasonable application of Cronic or Strickland. Cronic reversed a court of appeals ruling that found ineffective assistance of counsel without a finding of prejudice where "the circumstances surrounding the representation of respondent mandated an inference that counsel was unable to discharge his duties." Cronic, 466 U.S. at 658. The Court recognized that effective assistance of counsel is crucial precisely "because of the effect it has on the ability of the accused to receive a fair trial." Id. In exploring the circumstances that might give rise to a finding of per se ineffective assistance and a presumption of prejudice, the Court singled out the denial of the presence of counsel "at a critical stage of the proceeding" or "a breakdown in the adversarial process that would justify a presumption" that the defendant's conviction was constitutionally insufficient. Id. at 662. Without such a finding that a defendant was denied the assistance of counsel to the extent that it rendered his or her trial fundamentally unfair, a court must rely on the deficient performance and prejudice prongs of Strickland to determine constitutional effectiveness of counsel.

Petitioner has not demonstrated that the absence prejudiced his case to such an extent that there exists a reasonable probability that the fact-finder would have found that he was not guilty. When announcing the verdict, the Circuit Court explained:

> I will be the first to concede that there is obvious disparity in so far as the Commonwealth's version and the defendants' version as to what occurred. And because of that disparity, the case, to some extent, becomes one of credibility. I find from the evidence as to the blue Chevrolet, the April 13th

> offense, the evidence of Mr. Bandy, who is the manager of Kroger, was, I found it to be, entirely credible. He testified clearly that . . . he saw Tim Neil get into the blue Chevrolet and drive it away. Quite frankly, I find as to that offense, Mr. Tim Neil's explanation was incredible. As to that offense, I think the Commonwealth has met its burden beyond a reasonable doubt as to each element of the grand larcey charge, and consequently, I find defendant Timothy Neil guilty of stealing the blue Chevrolet. . . . As to the black Durango, the evidence, in my view established that the Durango was stolen from Advance Auto in Roanoke City [at] 9:30 or . . . before 10:00. Defendant Timothy Neil shows up . . . at Ms. Harrison's house, knocks on the door, and when he's at the door, the Durango is in the driveway, the black stolen Durango is in the driveway. The evidence shows that both defendants then leave in the Durango. According to Ms. Harrison, the vehicle when they left the driveway was driven by Timothy Neil. I find the testimony of Ms. Harrison as to that part of the case entirely credible.
>
> \* \* \*
>
> [C]onsequently, as to the charge against both defendants involving the Durango, [and] given the fact that larceny is . . . a continuing offense, the evidence clearly showed that at least at something [sic] around 10:00, Timothy Neil was in possession of the Durango, and something [sic] around noon when it was wrecked, Leonard Neil was in possession of the Durango, both under circumstances that they knew or should have known the vehicle was stolen, and consequently, they are each guilty of the grand larceny of [the Durango].
>
> \* \* \*
>
> [Timothy Neil] is convicted of both [charges of grand larceny] for . . . the theft of [the Durango and the Chevrolet].

(Tr., Jan. 10, 2013, 4:11:34 – 4:16:26.) In Petitioner's case, the record does not support a finding that counsel's brief absence occurred during testimony that was crucial to Petitioner's defense or that was not cumulative of testimony Harrison gave earlier in the case. Given the court's ruling, nor does it appear that the testimony given during counsel's brief absence was damaging. To be sure, the absence of counsel at trial, for however brief a period, is a serious concern. Here, however, the evidence adduced during counsel's absence was not only cumulative, it did not affect the outcome to Petitioner's prejudice.

Additionally, although the Circuit Court's order does not address whether Petitioner was denied his Sixth Amendment right "to be confronted with the witnesses against him," see, e.g., Pointer v. Texas, 380 U.S. 400 (1965), its ruling was not an unreasonable application of clearly

established federal law regarding the right to confrontation.[2] In Davis v. Alaska, 415 U.S. 308 (1974), the Supreme Court made clear that the right to confrontation is secured by "'the opportunity of cross-examination,'" which is crucial for testing "the believability of a witness and the truth of his testimony." Davis, 415 U.S. 315-16 (quoting 5 J. Wigmore, Evidence § 1395, p. 123 (3d ed. 1940)). In Davis, the trial court prevented the defendant from impeaching one of the prosecution's crucial witnesses with any mention of the witness's juvenile conviction for burglary. Id. at 310. The defendant sought to use the prior conviction not as impermissible character evidence, but to show that the witness may have been biased because he was on probation when he assisted police in identifying the defendant. Id. at 311. The Court ruled that, by limiting the defense's ability to develop the issue of bias before the jury, the trial court denied the defendant his right of effective cross-examination and, by extension, to confrontation. Id. at 318.

Petitioner's case is different. Petitioner's attorney had the opportunity to cross-examine Harrison on the first day of the bench trial and conducted a direct examination of her on the second day before his brief absence. The trial court did not limit counsel's questioning during either examination, and Petitioner has pointed to no defense theory that was not raised by virtue of his counsel's absence during a short period of his co-defendant's cross-examination of Harrison. The Circuit Court's finding that Petitioner's counsel had previously had an opportunity to cross-examine Harrison on similar testimony to that she presented during his absence is not an unreasonable determination of the facts, and this court does not find that the Circuit Court's ruling was contrary to or an unreasonable application of Davis or other clearly established federal law regarding the right to confrontation. Petitioner cannot, therefore,

---

[2] A state court's findings cannot be deemed unreasonable merely because it does not cite established U.S. Supreme Court precedent on an issue if the result reached is not contrary to that established precedent. See Mitchell v. Esparza, 540 U.S. 12, 16 (2003).

demonstrate that he was prejudiced in this regard. For these reasons, this claim must be dismissed.

## B.

Petitioner's second ground for relief is that the trial court falsified his trial and sentencing orders when the judge signed them, certifying that Petitioner's counsel was present at all points of the trial. Petitioner has included a copy of the sentencing order signed by the judge that verifies that Petitioner's attorney was personally present "at all times during the trial of these cases . . . and capably represented the defendant." (Doc. No. 1-1.) Petitioner claims that these certifications constitute fraud because of his attorney's brief absence during the trial.

The Circuit Court ruled that this claim was procedurally barred under Slayton, because Petitioner did not raise this issue at trial or on direct review. Slayton precludes a Virginia court from reviewing a non-jurisdictional claim in a petition for a writ of habeas corpus when that claim could have been presented at trial and on appeal but was not and thus prevents Virginia prisoners from using the habeas corpus process to circumvent trial and appellate procedures. Slayton, 215 Va. at 30, 205 S.E.2d at 682; see also Brooks v. Peyton, 210 Va. 318, 321, 171 S.E.2d 243, 246 (Va. 1969).

A federal court may not rule on the merits of a habeas corpus claim if it is procedurally defaulted. A claim is defaulted where the state court expressly finds that review is barred by an independent and adequate state procedural rule. Fisher v. Angelone, 163 F.3d 835, 844 (4th Cir. 1998); see also Lambrix v. Singletary, 520 U.S. 518, 523 (1998). Whether a rule is independent and adequate is a question of federal law. Henry v. Mississippi, 379 U.S. 443, 447 (1965). A state procedural rule is "adequate" if it is "consistently and regularly applied" by the state courts, Johnson v. Mississippi, 486 U.S. 578, 587 (1998), "and it is independent if it does not depend on

a federal constitutional ruling," McNeill v. Polk, 476 F.3d 206, 211 (4th Cir. 2007) (citing Ake v. Oklahoma, 470 U.S. 68, 75 (1985)). Thus, a violation of "firmly established and regularly followed state rules" is adequate to foreclose review. Lee v. Kemna, 534 U.S. 362, 375 (2002).

The court considers Slayton to be an independent and adequate state procedural ground for denying relief. See, e.g., Fisher, 163 F.3d at 844. A state prisoner can obtain federal habeas review of a procedurally defaulted claim, however, if he or she shows either (1) cause and prejudice or (2) a miscarriage of justice. Coleman v. Thompson, 501 U.S. 722, 750 (1991). To show cause, a petitioner must demonstrate that there were "objective factors," external to his or her defense, which impeded him or her from raising the claim at an earlier stage. Murray v. Carrier, 477 U.S. 478, 488 (1986). To show prejudice, a petitioner must show that the alleged constitutional violation worked to his or her actual and substantial disadvantage, infecting the entire trial with an error of constitutional magnitude. Id. at 488. The "miscarriage of justice" exception is a narrow exception to the cause requirement. A habeas petitioner falls within this narrow exception if the petitioner can demonstrate that a constitutional violation has "probably resulted" in the conviction of one who is "actually innocent" of the substantive offense. Id. at 496. Actual innocence means "factual innocence, not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623 (1998) (citation omitted).

Petitioner has not alleged or shown cause and prejudice to excuse his default of this claim. Nor has he shown a fundamental miscarriage of justice. The essence of his claim is that he was denied due process by an error made by the judge after the Circuit Court determined the evidence was sufficient to prove him guilty beyond a reasonable doubt of two counts of grand larceny. This court finds no evidence of actual innocence or of any error that so prejudiced his trial as to render it constitutionally unfair. Accordingly, this claim must be dismissed.

## III.

For the forgoing reasons, the court grants Respondent's motion to dismiss and dismisses the petition for a writ of habeas corpus. Based upon the court's finding that Petitioner has not made the requisite substantial showing of a denial of a constitutional right as required by 28 U.S.C. § 2253(c), a certificate of appealability is denied.

Entered: July 30, 2015

/s/ Michael F. Urbanski

Michael F. Urbanski
United States District Judge